DANIEL L. HOUSEY, *et ux.,* v. JULIA RUTTER a Widow.

166 So. 558.
Division A.
Opinion Filed March 3, 1936.

*J. F. Albert Ecke,* for Appellants;
*Stapp, Gourley, Vining & Ward,* for Appellee.

PER CURIAM.—Julia Rutter, Appellee, filed a bill to foreclose her mortgage against certain property owned by Daniel L. Housey and wife, appellants. A summons was issued against both of the appellants, but was returned by the sheriff unexecuted: whereupon, the appellee filed an affidavit pursuant to Section 4895 C. G. L. applicable to service

on non-residents, alleging that defendants resided in a certain city in New York and giving their street address and a proper order was duly published, posted and mailed to defendants. The appellants failed to appear and defend and a decree *pro confesso* was entered against them; shortly thereafter, they filed a special appearance for the purpose of quashing the service of process, separately alleging that they were in fact residents, although he, the husband did temporarily reside in New York.

Subsequent to the filing of the above motion and affidavit and before the same was heard and determined by the court the appellee obtained a final decree for the sale of the property. Appellants, thereafter, filed another special appearance and motion to quash the service of process and to vacate and set aside the decree *pro confesso* theretofore entered against them and also the final decree.

The court denied the motion to quash the service as to both defendants and also the motion to vacate and set aside the decree *pro confesso* as to appellant, Daniel Housey, but granted the same as to Annie May Housey, the wife, and granted the motion to vacate and set aside the final decree and sale as to both appellants, but required Annie May Housey to answer or otherwise plead to the bill of complaint within ten days from the date of said order. From this order both the defendants appealed.

In Minick v. Minick 111 Fla. 469, 149 So. 483, this Court held that the word "residence" as used in the constructive service statute, 4895 C. G. L., should not be construed to be synonymous with "domicile" in all cases, but it should be construed as to carry out the intent of the statute, which is to reach the defendant and impart notice to him or her of the pendency of the proceedings as far as it is reasonably possible to do so. It was also held that "residence"

indicates a place of abode, whereas "domicile" denotes a fixed permanent residence to which when absent one intends to return.

From the record it appears that Daniel Housey was residing in New York, at the address stated in the affidavit for publication. He stated in his motion that he was living there while seeking employment. The inference is that if he found employment in New York he would continue to reside there. He received the notice there, mailed to him by the clerk. This is enough to establish his residence there for all the intents and purposes of the statute. He alleged that his residence was in Miami, Florida, but the facts clearly show it to have been at that time in New York although his domicile may have been in Miami. The statute uses the word "residence" as distinguished from the word "domicile."

The appellant, Annie May Housey, merely stated in her motion to quash, the conclusion that she was residing in Miami at the time in question, but did not set forth the facts upon which the conclusion was based.

In McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, it is said that "reasonable diligence should be exercised" to get personal service before resorting to constructive service. In this case appellee was reasonably diligent. First she attempted to get personal service on the appellants, and failing in this she gave notice by publication based on proper affidavit, and from the facts admitted in the motion to quash, she was perfectly justified in resorting to publication, at least so far as Daniel L. Housey was concerned.

It appears that appellants did receive notice more than a month before the return day, but waited until after the return day to attack the constructive service.

The chancellor's order above referred to, and from which

this appeal was taken, was justified under the circumstances, and was all that the record before him required.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J. concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.